UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BRIAN SEIDEL, Individually and On Behalf of All
Others Similarly Situated

                Plaintiff,

    -v-

NOAH EDUCATION HOLDINGS LTD., *et al.*,

                Defendants.

No. 08 Civ. 9203 (RJS)
MEMORANDUM AND ORDER

---

BRAHM SCHAPIRO, Individually and On Behalf of
All Others Similarly Situated

                Plaintiff,

    -v-

NOAH EDUCATION HOLDINGS LTD., *et al.*,

                Defendants.

No. 08 Civ. 9427 (RJS)
MEMORANDUM AND ORDER

---

JOHN SEBIK, Individually and On Behalf of All
Others Similarly Situated

                Plaintiff,

    -v-

NOAH EDUCATION HOLDINGS LTD., *et al.*,

                Defendants.

No. 08 Civ. 9509 (RJS)
MEMORANDUM AND ORDER

| | |
|---|---|
| WEIHUA GU, Individually and On Behalf of All Others Similarly Situated<br><br>     Plaintiff,<br><br> -v-<br><br>NOAH EDUCATION HOLDINGS LTD., *et al.*,<br><br>     Defendants. | No. 08 Civ. 9427 (RJS)<br>MEMORANDUM AND ORDER |

RICHARD J. SULLIVAN, District Judge:

Before the Court are three motions for appointment as lead plaintiff in the above-captioned case, a putative class action alleging violation of the federal securities laws in connection with Noah Education Holdings' ("Noah Education" or "the Company") alleged failure to disclose certain facts in connection with Noah Education's Initial Public Offering ("IPO") of its securities. (Schapiro Cmpl. ¶¶ 1-6.) Also before the Court are the lead plaintiff movants' motions to approve the selection of lead counsel in the action, as well as the movants' motions to consolidate. For the reasons that follow, the motions to consolidate are granted, the motions of lead plaintiff movant Stephen Atkins, as trustee of the Jae Family Lifetime Benefit Trust (the "Trust"),[1] are granted, and the motions of lead plaintiff movants Leslie Elfman and James S. Han are denied.

## I. Facts

Plaintiffs in these related cases allege that they purchased American Depository Shares ("ADSs") of Noah Education, a provider of supplementary education content to Chinese schools. (Schapiro Cmpl. ¶¶ 1-2.) Specifically, Plaintiffs assert they purchased ADSs pursuant to or traceable

---

[1] The Court will refer to Atkins in his capacity as trustee of the Trust simply as "Atkins."

to the Company's October 19, 2007 IPO. (*Id.* ¶ 1.) Plaintiffs purport to represent similarly-situated purchasers who purchased Noah Education ADSs pursuant to or traceable to the IPO from October 19, 2007 through November 19, 2007. (*Id.*) They assert that, in connection with the IPO, Noah Education failed to disclose that it had been experiencing an increase in the price of its raw materials, which negatively impacted the Company's earnings. (*Id.* ¶ 6.) As a result of this failure to disclose, Plaintiffs claim that throughout the class period they purchased Company securities at artificially inflated prices. (*Id.* ¶¶ 5-6. ) The Sebik Complaint names, in addition, a number of officers of the Company as Defendants. (*Id.*)

## II.  Procedural Posture

Several actions have been filed stemming from the same operative facts as described above. On October 27, 2008, Brian Seidel filed his Complaint.  On November 3, 2008, Brahm Schapiro commenced his action.  On November 5, 2008, John Sebik filed his Complaint.  On December 4, 2008, Weihua Gu commenced an action.

On December 29, 2008, Leslie Elfman and Stephen Atkins filed their respective motions for appointment as lead plaintiff, selection of their respective counsel as lead counsel, and consolidation of the related cases.[2]  On December 30, 2008, James S. Han filed his motions seeking the same relief.  On January 20, 2009, Elfman and Atkins filed their opposition to the competing motions; Han has not filed an opposition to the competing motions.  Elfman and Atkins filed reply briefs on January 30, 2009.

---

[2]Hernan Jasin filed a motion to be appointed lead plaintiff on December 29, 2008, but withdrew the motion on January 20, 2009.

### III.  Consolidation

#### A.  Legal Standard

Rule 42(a) of the Federal Rules of Civil Procedure provides for consolidation of two or more actions where the actions involve "a common question of law or fact."  *See Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir.1999); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).   Cases may be consolidated even where certain defendants are named in only one of the complaints.  *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 402 (S.D.N.Y.2004) (citations omitted).  However, while a court may enter orders of consolidation "to avoid unnecessary costs or delay," "[c]onsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial." Johnson, 899 F.2d at 1284-85 (citations omitted).  Courts are vested with broad discretion to consolidate actions under Rule 42(a).  *Id.* at 1284.

#### B.  Analysis

The Court finds that consolidation of these four actions pursuant to Rule 42(a) is appropriate. All four complaints allege securities violations against the Company and the Underwriters in connection with the Company's allegedly false or misleading statements in the Registration Statement and Prospectus for its October 19, 2007 IPO.  All four Plaintiffs filed suit individually and on behalf of all others similarly situated, alleging violations of §§ 11, 12(a)(2), or 15 of the Securities Act of 1933.  (Atkins Mem. at 1.)  All four complaints allege claims against Noah Education as well as against Deutsche Bank Securities, CIBC World Markets Corp., and Thomas Weisel Partners LLC (the "Underwriters"), all of which served as Underwriters of the IPO.  (*Id.* at 6 n.8.)  The Sebik complaint, in addition, alleges claims against certain directors of Noah Education.  (*Id.*)  Finally, the

class periods in the four complaints are nearly identical.  (*Id.* at 6.)  Accordingly, the Court will consolidate the four above-captioned actions under the caption *In re Noah Education Holdings Ltd. Securities Litigation.*

## IV. Appointment of Lead Plaintiff

### A. Legal Standard

Under the Private Securities Litigation Reform Act ("PSLRA"), a district court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 77z-1(a)(3)(B).  The PSLRA creates a presumption that the most adequate plaintiff is the "person or group of persons" who is a named plaintiff or timely movant and otherwise satisfies the requirements of Federal Rule of Civil Procedure 23, provided that person or group of persons "has the largest financial interest in the relief sought by the class."  *Id.*; *see also In Re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 436-37 (S.D.N.Y. 2008).

### 1.  Financial Interest

The PSLRA does not specify a method for calculating the "largest financial interest;" a number of Second Circuit courts, however, have applied a four-part test in making the determination, weighing "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period."  *Lipetz v. Wachovia Corp.*, No. 08 Civ. 6171 (RJS), 2008 WL 4615895, at *2 (S.D.N.Y. Oct. 10, 2008) (internal citations and quotations omitted).

2. Rule 23 Requirements

Of the four criteria of Rule 23(a) — numerosity, commonality, typicality, and adequacy — "only two — typicality and adequacy — directly address the personal characteristics of the class representative." *Pirelli*, 229 F.R.D. at 412. Accordingly, at the lead plaintiff stage, a movant is required to "make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met." *Id.* (internal quotation marks and citations omitted); *see also Lipetz*, 2008 WL 4615895, at *2.

Rule 23 requires that a lead plaintiff "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Accordingly, "(1) there should be no conflict between the interests of the class and the named plaintiff' nor should there be collusion among the litigants; and (2) the parties' attorney must be qualified, experienced, and generally able to conduct the proposed litigation." *Pirelli*, 229 F.R.D. at 412-13 (citations omitted). Further, "the lead plaintiff should have a sufficient interest in the outcome to ensure vigorous advocacy." *Id.* at 413 (citations and internal quotations omitted).

The requirement of typicality is satisfied if "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992) (citations omitted). A lead plaintiff's claims, however, "need not be identical to the claims of the class to satisfy the typicality requirement." *Pirelli*, 229 F.R.D. at 412.

Once established, the presumption that a lead plaintiff movant is the most adequate may be rebutted "only upon proof by a member of the purported plaintiff class" that the presumptive lead

plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

### B.  Analysis

The Court finds that, under the criteria established by the PSLRA, Atkins is the most adequate lead plaintiff.

### 1.  Atkins is the Presumptive Lead Plaintiff

As a threshold matter, the Court concludes that its consideration of Atkins's motion to be appointed lead plaintiff is proper.  Elfman contends Atkins lacks standing to move as lead plaintiff because he moves in his capacity as a trustee of the Jae Family Lifetime Benefit Trust and it is the Trust itself that should be the named movant.  (Elfman Opp. at 2-3.)  It is well established, however, that trustees have standing to sue on behalf of trust beneficiaries.  *Chemical Bank v. Shearson Lehman Bros., Inc.*, No. 91 Civ. 4915 (LMM), 1992 WL 183760, at *1 (S.D.N.Y. July 21, 1992) (noting that "[t]he Trustee of a trust is the legal owner of the Trust's assets and has standing to bring a[] [securities] action to recover losses sustained by the trust as a result of the wrongful and fraudulent actions of a defendant"); *see also  Turkish v. Kasenetz*, 964 F. Supp. 689, 696 (E.D.N.Y. 2007) (holding that plaintiff "properly sues as trustee of the . . . Trust"); *Benedict v. Amaducci*, No. 92 Civ. 5239 (KMW), 1993 WL 87937, at *9 n. 10 (S.D.N.Y. Mar. 22, 1993) (noting that co-trustee had standing to bring suit).  Further, Courts in this jurisdiction have found that trustees of trusts that purchased securities have standing as purchasers to bring suits under the federal securities laws, and have appointed trustees as lead plaintiffs.  *See*, *e.g.*, *In re Worldcom Inc. Sec. Litig.*, No. 02 Civ. 3288 (DLC), 2005 WL 1793543, at *1 (S.D.N.Y. Jul. 29, 2005) (noting lead plaintiff status of sole

trustee for the New York State Common Retirement Fund); *In re Vivendi Universal, S.A.*, 381 F. Supp. 2d 158, 164 n.2 (S.D.N.Y. 2003) (noting trustee of trust as co-lead plaintiff); *In re New York Housing Dev. Corp.*, No. 86 Civ. 3274 (RJW), 1987 WL 494921, at *7 (S.D.N.Y. May 11, 1987) (holding that trustees of trusts that purchased securities had standing to bring suit on behalf of beneficiaries of trusts); *Chemical Bank*, 1992 WL 183760, at *1 (holding that trustee had standing to bring securities claim on behalf of trust).

Turning to the requirements of the PSLRA, Atkins has demonstrated that he is entitled to the rebuttable presumption, under the PSLRA, that he is the most adequate lead plaintiff in this action.

First, Atkins timely moved to be appointed lead plaintiff within 60 days of the published notice in the first-filed action. *See* 15 U.S.C. § 77z-1(a)(3)(A)(i)(II). The notice of pendency of the *Seidel* action was circulated in *Business Wire* on October 27, 2008. (Rosenfeld Decl. Ex. A.) Atkins filed his motion to be appointed lead plaintiff on December 29, 2008, making his motion timely.

Second, it is evident that Atkins has the largest financial interest. Atkins incurred a loss of $163,505.00 in connection with his purchase of 22,300 shares of the Company. *(*Atkins Mem. at 5; Rosenfeld Decl. Ex. C.) Elfman, in contrast, sustained a compensable loss of $114,200 in connection with her purchase of 10,000 shares of the Company. (Elfman Mem. at 1; Brower Decl. Exs. A, B.) Han claims losses of only $60,300 in connection with the purchase of 6000 Shares of the Company. (Han Mem. at 2; Federman Decl. Exs. A, B.)

Finally, Atkins satisfies the typicality and adequacy prongs of Rule 23. *See* 15 U.S.C. § 77z-1(a)(3)(B). Specifically, Atkins has a substantial financial stake in the litigation, which leads the Court to believe that as lead plaintiff, Atkins would prosecute the claim vigorously, s*ee Pirelli*, 229 F.R.D. at 413; there are, from the moving papers, no apparent conflicts of interest; and the claims

are typical of the claims of the class as a whole, based on the allegations that Atkins, like the proposed class, purchased Noah Education shares pursuant to or traceable to the IPO in reliance on the allegedly false and misleading statements in the Prospectus and Registration Statement, and suffered damage thereby.  (Atkins Mem. at 7.)

As a result, Atkins has demonstrated that he is the presumptive lead plaintiff.

### 2.  Rebuttal of the Presumption

As discussed above, the Court rejects Elfman's contention that Atkins lacks standing to pursue this action.  The Court finds similarly unpersuasive Elfman's contention that Atkins has not shown he is an adequate or typical movant because he failed to provide detailed documentation in support of his authority to represent the Trust.  The bulk of cases on which Elfman relies deal with investment advisors, who presumptively do not have standing to sue under the securities laws on behalf of their clients *unless* they can show they are "the attorney-in-fact for [their] clients with unrestricted decision making authority."  *Olsen v. New York Community Bancorp, Inc.*, 233 F.R.D. 101, 107 (E.D.N.Y. 2005).  Atkins has certified, under penalty of perjury, that he is Trustee for the Trust.  (*See* Rosenfeld Decl. Ex. C.)  He has further represented to the Court that he is sole Trustee of the Trust, as well as being its sole beneficiary. (Atkins Reply Mem. at 2.)  Elfman adduces no evidence that Atkins is not, in fact, sole Trustee for the Trust, or that he does not have authority to act on behalf of the Trust.  At this stage, a lead plaintiff movant "must only make a preliminary showing that the adequacy and typicality requirements have been met." *Blackmoss Investments, Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 191 (S.D.N.Y. 2008).  Further, the PSLRA's presumption that a movant is "most adequate" is rebuttable "only upon *proof* by a member of the purported plaintiff class" that the presumptive lead plaintiff "will not fairly and adequately protect

the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added).  There are no facts before the Court that suggest Atkins is an inadequate or atypical lead plaintiff.  In the absence of any such evidence, the Court declines to impose a duty on Atkins to refute Elfman's speculation.  Accordingly, Elfman has failed to rebut the presumption that Atkins is the most adequate lead plaintiff.

### V.  Approval of Selection of Lead Counsel

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the lead plaintiff shall select and retain counsel to represent the class, subject to the court's approval.  *See Pirelli*, 229 F.R.D. at 420.  Lead Plaintiff Atkins has retained Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia"), and now seeks the Court's approval of that selection.  In support of that request, David A. Rosenfeld, Esq., an attorney with Coughlin Stoia, has submitted a declaration attaching a resume of the firm which describes a number of securities class actions or other actions in which the firm has served as counsel or, in many cases, lead or co-lead counsel.  (Rosenfeld Decl. Ex. D.)  Accordingly, the Court finds that Coughlin Stoia is well qualified to serve as lead counsel in this matter, and thus the selection of Coughlin Stoia as lead counsel is hereby approved.

### VI.  Conclusion

For the reasons stated above, Atkins's motions for appointment as lead plaintiff,  approval of selection of lead counsel, and consolidation are granted.  The motions of the remaining movants are denied.

Lead Plaintiff Atkins is granted leave to file an amended class action complaint, should he

so choose, no later than 30 days from the date of this Order.

SO ORDERED

Dated:      March 9, 2009
            New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

-11-